ANNE FRASSETTO OLSEN, ESQ. (BAR NO. 99680)
ABRAMSON CHURCH & STAVE LLP
17 East Gabilan Street
Salinas, California 93901
Telephone: (831) 758-2401
Facsimile: (831) 758-2028

Attorneys for Defendant
CENTRAL COAST CARDIOLOGY,
A MEDICAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NUCLEAR CARDIOLOGY CENTERS, INC. | Case No.: C 07-06503 PVT |
| Plaintiff, | **ANSWER** |
| vs. | |
| CENTRAL COAST CARDIOLOGY, A MEDICAL CORPORATION | |
| Defendant | |

Defendant CENTRAL COAST CARDIOLOGY answers the complaint filed herein by alleging as follows:

1. As to Paragraph 1 of the Complaint, Defendant denies the allegations of the first sentence of said paragraph and admits the remaining allegations.

2. As to Paragraph 2 of the Complaint, Defendant denies the allegations of said paragraph but admits that Exhibit 1 is a true and correct copy of the agreement executed by and between Plaintiff and Defendant.

3. As to Paragraph 3 of the Complaint, Defendant denies the allegations contained in said paragraph.

4. Defendant responds to the allegations of Paragraph 4 of the complaint by realleging and incorporating herein by reference Paragraphs 1 through 3, inclusive, of the Answer herein.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. As for a first affirmative defense, Defendant alleges that the Complaint filed herein lacks sufficient facts to constitute a cause of action and therefore should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

2. As for a second affirmative defense, Defendant alleges that the Complaint filed herein should be dismissed as it was not filed within the limitations period provided by California Civil Code Sections 337, 339 and/or 340.

## THIRD AFFIRMATIVE DEFENSE

3. As for a third affirmative defense, Defendant alleges that the Complaint filed herein should be dismissed under the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

4. As for a fourth affirmative defense, Defendant alleges that the Complaint filed herein should be dismissed under the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

5. As for a fifth affirmative defense, Defendant alleges that the Complaint filed herein should be dismissed as Plaintiff materially breached its obligations under the alleged agreement thereby relieving Defendant from any further obligations under the agreement including but not limited to payment.

## SIXTH AFFIRMATIVE DEFENSE

6. As for a sixth affirmative defense, Defendant alleges that the Complaint filed herein should be dismissed under the Doctrine of Waiver as Plaintiff accepted alternative consideration in lieu of the compensation provided for in the Agreement between the parties.

//

//

SEVENTH AFFIRMATIVE DEFENSE

7. As for a seventh affirmative defense, Defendant alleges that the Complaint filed herein should be dismissed under the doctrine of Accord and Satisfaction as Plaintiff agreed to compromise the dispute between the parties by negotiating the acquisition of valuable medical equipment from Siemens Medical Solutions in consideration for any claimed sums due under the Agreement attached to the Complaint.

WHEREFORE Defendant prays for judgment as follows:

1. That the complaint be dismissed;

2. Costs of suit herein incurred; and

3. For such other relief that the court deems just and proper.

Date: February 25, 2008                    ABRAMSON CHURCH & STAVE LLP

By _____
Anne Frassetto Olsen, Esq.
Attorneys for Defendant