ROBERT E. BELSHAW, State Bar No. 142028
244 California Sacramento St., Ste. 300
San Francisco, California 94111
Telephone: (415) 398-2385
Facsimile: (415) 398-5800

Attorney for Plaintiff
Nuclear Cardiology Centers, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUCLEAR CARDIOLOGY CENTERS, INC.<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL COAST CARDIOLOGY, A MEDICAL CORPORATION<br><br>Defendants. | CASE NO. C07-06503 PVT<br><br>Joint Case Management Statement<br><br>Date:        April 15, 2008<br>Time:        2:00 p.m.<br>Courtroom:  5 |

1. <u>Jurisdiction and Service:</u>  This court has subject matter and diversity jurisdiction over this action  pursuant to 28 U.S.C. § 1332. NCC is a corporation organized under the laws of the State of Illinois, whose principle place of business is Naperville, Illinois. Defendant CENTRAL COAST CARDIOLOGY, A MEDICAL CORPORATION ("CCC") is a corporation organized under the laws of the State of California, whose principal place of business and place of residence is Salinas, Monterey County, California. The amount in controversy exceeds $75,000.00   Venue lies in this district under 28 U.S.C. § 1391 (a)(1). All current parties have been served. However, based on informal discovery among counsel, a third party may be added.

1    2.    <u>Facts</u>:  This is a breach of Contract action.

2    NCC alleges that on or about June 19, 2002 it entered in to a Business Development

3    Agreement with CCC wherein NCC was to provide project management services necessary for

4    the establishment of a nuclear cardiology imaging center in Salinas. Siemens was to provide the

5    equipment under lease. CCC was to pay NCC a total of $203,000.00 for consulting services.

6    NCC contends that although CCC paid the initial installment of $84,000.000, none of the

7    remaining installment payments have been paid.

8    CCC contends that it met all of its contractual obligations to pay NCC and that any further

9    payment for NCC's services was to be made by Siemens (the lessor of the medical equipment).

10   CCC also contends that NCC failed to perform, and that its claim is barred by the statute of

11   limitations.

12   3.    <u>Legal Issues:</u>  CCC contends that NCC's claim is barred in its entirety by the statute of

13   limitations. The parties disagree as to whether the agreement under which NCC was to be paid

14   is an installment agreement.

15   4.    <u>Motions:</u>  Defendants and Plaintiff anticipate a summary judgment/summary

16   adjudication motion following discovery.

17   5.    <u>Amendment of Pleadings:</u>   It appears following recent discussions between counsel that

18   a possible third party, Siemens, may have to be added to the pleadings. CCC asserts that it

19   understood that NCC was being paid through Siemens. Siemens did not in fact pay NCC.

20   6.    <u>Evidence Preservation:</u>  All documents and other communications relevant to this action

21   have been preserved.

22   7.    <u>Disclosures:</u> Counsel conferred initially on March 25 and again on April 25, 2008.  Due

23   to some software problems at NCC, counsel have agreed to exchange initial disclosures on or

24   before April 25, 2008.

25   8.    <u>Discovery:</u>    No discovery has been taken to date.  The parties anticipate that

26   discovery will consist of investigating the documents and correspondence evidencing the parties

27   understanding of the transaction.

28   9.    <u>Class Actions:</u>  This case is not a class action

1. 10.  Related Cases: None
2. 11.  Relief:  Plaintiff seeks monetary damages in the contract amount plus interest which was $150,237.00 as of December 31, 2007
3. 12.  Settlement and ADR:  The parties have agreed to participate in the court's mediation program. The Parties request that the court set a mediation deadline of at least 120 days.
4. 13:  Consent to Magistrate Judge for All Purposes: The parties have agreed to Magistrate Trumbull for all purposes.
5. 14.  Other References: None
6. 15.  Narrowing of Issues: Defendants anticipate bringing summary judgment/summary adjudication motions on both the retaliation and discrimination claims.
7. 16.  Expedited Schedule: This case does not appear appropriate for a expedited schedule.
8. 17.  Scheduling:  The parties believe the earliest reasonable pretrial dates are as follows:

   A.  Non-expert discovery cut-off:   March 31 2009; Expert witness disclosures: April 31, 2008; Supplemental expert witness disclosures:  June 1, 2008; Expert witness discovery cut-off:  July 15, 2008.

   B.  Hearing on Dispositive Motions:   90 days before trial

   C.  Pretrial Conference:

   D.  Trial: October 31 , 2009

9. 18.  Trial: All parties request a jury trial. Anticipated length is five court days.

\\
\\
\\
\\
\\
\\
\\
\\
\\

19. The parties are filing a "Certification of Interested Entities or Persons" pursuant to Rule 3-16 with this Case Management Conference Statement. The parties have no entities or parties with an interest in this action to disclose other than the named parties.

Dated: April 10, 2008

/s/ Robert Belshaw
ROBERT E. BELSHAW
Attorney for Plaintiff

Dated: April 10, 2008        Abramson Church & Stave LLP

By: /s/ Anne Olsen
ANNE FRASSETTO OLSEN
Attorneys for Defendant.

- 4 -
CV 07 6503   Joint CMC Statement